### STONE ET ALS. *vs.* CLIFFORD.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Evidence cannot be received as to the existence of facts which are not put at issue by the pleadings.

In cases where the law requires notice to be given, the terms of it must be complied with.

This was an action to recover for work done, and materials furnished in the construction of a house, to which the defendant pleaded the general issue, payment and prescription. On the trial, the defendant offered to prove, by parole testimony, the existence of a contract between the parties to build the house for a specific sum; its introduction was opposed by the plaintiff on the ground that the existence of such a contract was not put in issue by the pleadings. The court overruled the objection, received the evidence, and the plaintiffs excepted. It appears that experts had been appointed to value; but not being able to agree, an umpire was chosen, upon whose report the court below rendered judgment for the

plaintiffs. The defendant prayed for a new trial upon the ground (supported by affidavit) that the umpire did not attend to examine the building at the time the defendant was notified to attend. New trial refused, and the defendant appealed.

*Preston*, for appellant. *Morse*, for appellees.

*Mathews, J.* delivered the opinion of the court.

The plaintiffs in this case claim the value of certain work and labor by them performed and material 'furnished in building a house for the defendant. The latter, in his answer, pleads the general issue, payment and prescription. The court below rendered judgment against him for four hundred and twenty-four dollars and sixty-six cents, from which he appealed. The appellees, in their answer to the appeal, require the judgment to be amended, by decreeing to them a larger sum than that adjudged by the Parish Court, and if they cannot succeed in this, that the judgment should be affirmed, &c.

During the progress of the cause through the court below, several attempts were made to ascertain the value of the work and labor done, and materials furnished by the plaintiffs, to complete the building in question, by experts appointed for that purpose. Testimony of witnesses was also received, and the defendant endeavored to prove by some of them a specific agreement entered into by him and the plaintiffs, in relation to the price for which they undertook to finish the building required to be made. The counsel for the plaintiffs objected to the introduction of this species of testimony, as the answer contained no allegation of the existence of such contract. It was, however, admitted by the Parish Court, and a bill of exception taken. We are of opinion the judge *a quo* erred in admitting evidence to prove a specific contract on the pleadings of the cause. The only matters put in issue by the petition and answer, are the value of the work and labor done by the plaintiffs, and of the materials furnished and payment and prescription on the part of the defendant. This evidence

might have been received as a means of showing the real worth of the services and materials as furnished by the appellees, subject to be weighed in this respect with other testimony tending to fix the value at which they might justly be estimated, and as it was properly received in this point of view, perhaps the cause should not be remanded on account of its admission.

But all the attempts to obtain the aid of experts by legal proceeding and reports on their part, seem to have failed, and as these reports appear to be the basis on which the court below formed its judgment, the case must be sent back for a new trial.   On the last reference to experts it became necessary to appoint an umpire, who did not attend to examine the building in question at the time appointed in the notice to the defendant as appears by the affidavit of the letter found at page 22 of the record.   The *article* 450 *of the Code of Practice* requires notice to be given in such cases, and if it must be given the terms of it should be shown to have been complied with.

*In cases where the law requires notice to be given, the terms of it must be complied with.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided, reversed and annulled: And it is further ordered, adjudged and decreed, that the cause be remanded to that court, to be tried *de novo*. The appellees to pay the costs of this appeal.